**Fermin HERRERA–MOLINA,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–70071.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 18, 2007.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michelle G. Latour Fax, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Fermin Herrera–Molina, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), we deny the petition.

Substantial evidence supports the IJ's determination that Herrera–Molina failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of any of the five protected grounds. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Herrera–Molina's reliance on prior nonviolent encounters with guerrillas as evidence of past persecution is unavailing. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). Additionally, substantial evidence supports the determination that Herrera–Molina's belief regarding why the guerrillas confronted him is too speculative to form a basis of past persecution. *See Ochave v. INS,* 254 F.3d 859, 866 (9th Cir.2001) (stating that where the record does not establish a connection between an event and a protected ground, the IJ is not required to accept the petitioner's beliefs as fact).

Substantial evidence also supports the IJ's finding that Herrera–Molina's fear of future persecution lacks a nexus to a protected ground because employees of the Colombian petroleum industry are not recognized as a particular social group. *See Hernandez–Montiel v. INS,* 225 F.3d 1084, 1093 (9th Cir.2000).

Because Herrera–Molina failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pe-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*dro-Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Because Herrera–Molina failed to raise his CAT claim before the BIA, the claim is unexhausted and we lack jurisdiction to review it. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.